UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARREA MCCOY-GORDON,<br><br>Plaintiff,<br><br>v.<br><br>C/O HERNANDEZ, et al.,<br><br>Defendants. | No. 2:19-cv-1586 KJN P<br><br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

In his first claim, plaintiff alleges that defendant Correctional Officer Hernandez ignored hazardous conditions in plaintiff's cell by failing to either move plaintiff or rectify the leaking ceiling that progressed from a puddle in the corner on March 20, 2019, to a large pool of water covering more than half the cell floor on March 22, 2019. Plaintiff claims that the water reeked of mildew, requiring plaintiff to cover his face with a shirt. Moreover, in order to use the toilet, plaintiff had to put both feet on the toilet seat, squatting above, just to keep his feet from getting soaked. Despite other cells being available, defendant Hernandez left plaintiff in the cell. Plaintiff alleges he was injured by being forced to inhale black mold for several days.

In his next two claims, plaintiff alleges that the CSP-SAC administration of appeals retaliated against plaintiff's grievance by withholding it at the first level, requiring plaintiff to file a separate grievance, only to have the original grievance returned to proceed to the second level of review. Plaintiff alleges that the failure of the CSP-SAC administration of appeals to timely return the appeal violated plaintiff's due process rights. Plaintiff states he was not injured as a result of either claims.

IV. Discussion

   A. Eighth Amendment Claim

Plaintiff alleges a violation of his Eighth Amendment rights based on the conditions of his confinement.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity,

3

civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). But conditions of confinement may be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731, 732 (9th Cir. 2000) ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial

4

risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

It is unclear whether plaintiff can state a cognizable conditions of confinement claim. Plaintiff identifies his injury as being forced to inhale black mold for several days, which does not appear to rise to the level of an extreme deprivation. Compare Dillingham v. Emerson, 2019 WL 568929 (E.D. Cal. Feb. 12, 2019) (inmate subjected to water running down his cell walls that showed years of built-up mold, puddles of rain water pooling on the floor and in electrical light fixtures, all posing obvious safety risks and a defendant advised he was aware of such cell conditions for two years, prisoner stated Eighth Amendment claim); to Johnson v. Sherman, 2019 WL 3318526 (E.D. Cal. July 24, 2019) (insufficient allegation of injury where inmate claimed he saw roaches climbing up walls and on one occasion, leaking water dropped on his food; generalized allegations concerning prison conditions insufficient to demonstrate Article III case or controversy). Other than possibly breathing in the mold for a few days, plaintiff identifies no physical injuries sustained therefrom. Certainly the flooding of the cell put plaintiff at risk of injury from slipping or falling. However, the law is not sufficiently clear at what point a risk of danger turns into a sufficiently substantial risk for Eighth Amendment purposes. Washington v. Sandoval, 2012 WL 987291, at *8 (N.D. Cal. Mar. 22, 2012), on reconsideration, 2012 WL 3236306 (N.D. Cal. Aug. 6, 2012), citing see Farmer, 511 U.S. at 834 n.3; Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1051 (9th Cir. 2002) (recognizing that although Farmer clearly stated that prison officials could not deliberately disregard a substantial risk of serious harm, it left open the issue of when the risk of harm "changes from being a risk of some harm to a substantial risk of serious harm").

Finally, the exhibits appended to the complaint confirm that on April 15, 2019, the roof of plaintiff's cell was inspected, deficiencies discovered, and necessary repairs were completed. (ECF No. 1 at 19.) Plaintiff was interviewed on April 19, 2019, concerning his grievance regarding the leak; by then, it appears plaintiff had been moved to a different cell. (Id.) Thus it is

unclear how long plaintiff was subjected to the flooding in his cell (although plaintiff appears to indicate "several days".).

Therefore, plaintiff's complaint must be dismissed. However, in an abundance of caution, plaintiff is granted leave to amend his complaint to focus on the nature, circumstances, and duration of the deprivations sustained as a result of being housed in the leaking cell.

B. Claims Related to Grievance Process

Plaintiff's second and third claims fail because plaintiff concedes he sustained no injury.

"Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies.'" Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014). "To establish Article III standing, the plaintiff seeking compensatory relief must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Town of Chester v. Laroe Estates, Inc., 137 S. Ct. 1645, 1650 (2017) (internal quotation marks omitted) (citing Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016)). Further, a plaintiff must show that the "injury in fact" is "concrete and particularized" and "actual or imminent," rather than "conjectural or hypothetical." Susan B. Anthony List, 134 S. Ct. at 2341 (internal quotation marks omitted); see also Hollingsworth v. Perry, 570 U.S. 693, 706 (2013) (noting that a "'generalized grievance,' no matter how sincere, is insufficient to confer standing"); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (plaintiff first must demonstrate the existence of an injury in fact, that is, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical" (citations and internal quotation marks omitted) ). "The party invoking federal jurisdiction bears the burden of establishing 'standing.'" Susan B. Anthony List, 134 S. Ct. at 2342; see also Hollingsworth, 570 U.S. at 715.

Further, plaintiff is advised that he cannot state a cognizable due process claim based on the handling of administrative grievances by prison staff. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v.

Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated because defendant failed to properly process grievances). "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances." Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018).

Because plaintiff cannot amend to rectify such defects, plaintiff's second and third claims are dismissed with prejudice.

V. Leave to Amend

As discussed above, the complaint must be dismissed. The court, however, grants leave to file an amended complaint, solely to pursue plaintiff's potential Eighth Amendment claim against defendant Hernandez.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 3, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcco1586.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DEMARREA MCCOY-GORDON, | No. 2:19-cv-1586 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| C/O HERNANDEZ, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____   Amended Complaint

DATED:

_____
Plaintiff